Mathews v Stuyvesant Sq. Chem. Dependency Servs. (2018 NY Slip Op 01289)





Mathews v Stuyvesant Sq. Chem. Dependency Servs.


2018 NY Slip Op 01289


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5831 800125/11

[*1]Catherine Mathews, Plaintiff-Respondent,
v
Stuyvesant Square Chemical Dependency Services, et al., Defendants-Appellants.


Kennedys CMK, LLP, New York (Frank J. Wenick of counsel), for appellants.
Levine & Grossman, Mineola (Steven Sachs of counsel), for respondent.



Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered June 24, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law by showing that they did not depart from accepted medical practice in treating plaintiff and that they did not cause her claimed injury (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]). Defendants' expert opined that, after confirming plaintiff's pregnancy, defendants' staff appropriately performed an ultrasound, which resulted in a differential diagnosis of ectopic pregnancy, and then monitored her condition by performing blood tests to determine BhCG levels (hormones produced during pregnancy). The expert opined, however, that since the ultrasound did not show the location of the ectopic pregnancy, surgery would have been futile, since no surgeon would have known where to operate, and that loss of the fallopian tube could not have been avoided because removal is required following an ectopic pregnancy. The expert also determined that plaintiff was not a candidate for methotrexate treatment because she could not be relied upon to return for follow up evaluation and monitoring.
In opposition, plaintiff raised issues of fact through her expert, who reviewed the medical records and opined that defendants departed from care in failing to diagnose the ectopic pregnancy based on plaintiff's complaints of severe abdominal pain, coupled with the failure of her BhCG levels to rise sufficiently, regardless of the lack of findings on the ultrasound. Plaintiff's expert further stated that defendants departed from accepted medical practices in failing to prescribe methotrexate to terminate the ectopic pregnancy, especially since plaintiff did not wish to continue her pregnancy (see Torres v Cergnul, 146 AD3d 509 [1st Dept 2017], affd 30 NY3d 1024 [2017]),
and that such treatment likely would have avoided the rupture of plaintiff's fallopian tube and need for surgery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK